CID # Ø718569.
of

Leticia McWilliams
Attn: Please Review for Discretionary Review Submitted January 07, 2015

Trial Cause Number 1174887
Court Of Appeals Number 02-14-00142-CR

FILED IN
COURT OF CRIMINAL APPEALS

Court Of Criminal Appeals
Angeli Sims
Cynthia LittleJohn

MAR 23 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 23 2015

Abel Acosta, Clerk

Per Chapter 17- Revocation Of Probation
Sec. 17. Ø2 Motion to Quash the Prosecutions Motion for Revocation of Probation:
· Under no circumstances should an announcement of ready or a plea of "untrue" be entered before the motion to quash is filed and argued. Otherwise, the appellate court may find waiver. See Ausborne v. State, 499 S. W. 2d 179 (Tex. Crim. App. 1973). , Dempsey v. State, 496 S.W. 2d S.W. 2d 49 (Tex. Crim. App. 1973)
· It must be remembered that the sufficiency of the motion to revoke cannot be raised for the first time on appeal.
· It is incumbent upon the probationer through his counsel to question the sufficiency of the revocation motion immediately prior to the hearing thereon.

Ineffective Assistance Of Counsel:
Please review. The Motion to Quash the Prosecutions Motion for Revocation of Probation was never filed and argued.

Leticia McWilliams
• State's Second Petition To Revoke Probation was filed on February 04, 2014.
• Tried, Convicted and Sentenced on April 04, 2014.

Court Dates:
• 1st court date-February 18, 2014- Offered 7 years (declined).
• 2nd court date-March 25, 2014- Rescheduled. Nothing took place or happened. No offers made.
• 3rd court date-April 04, 2014- 2 offers were made on April 04, 2014 (declined). Tried, convicted and sentenced immediately after declining the 2 offers. Completely unaware and unprepared for a hearing or trial.

SEC. 17.01
• It is now clear that the order revoking probation must be supported only by a preponderance of the evidence, in other words, the greater weight of the credible evidence which would create a reasonable belief that the defendant violated a condition of his probation. See Scamardo v. state, 517 S. W. 2d 293 (Tex. Crim. App. 1975)

Per the Petition To Revoke Probation Hearing Trial Record:
• Per Queinton Waldon (page 20) and Salina Aguuire (page 30, 31). Probation knew and was aware (I) showed up to submit my UA and turned in my slip to submit my UA.
• Per Queinton Waldon (page 18) and Salina Aguuire (page 29). Probation knew and was aware I did not have

Leticia McWilliams
any income.
· Per Queinton Waldon (page 20). Probation knew and was
aware I was homeless. Queinton Waldon confirms (page 20).
Probation has never reccommended these devices (In-home
monitor) to be installed in a motel-hotel setting. Queinton
Waldon confirms (page 20) Probation would not reccommend
putting that device (in-home monitor) in a motel-hotel
setting.

CID # 0718569

Leticia McWilliams

03-19-2015